UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TREVOR A.C. STOREY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-126-HAB-SLC |
| ADAM BARDON, et al., | |
| Defendants. | |

OPINION AND ORDER

Trevor A.C. Storey, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Storey alleges that he was stopped by Auburn Police Officer Adam Bardon on July 23, 2020. When Bardon aimed his gun at Storey, he became scared and fled. Storey indicates he was unarmed and, when he fled, Officer Bardon shot him, causing serious injuries. Storey was charged with intimidation in violation of Indiana Code § 35-45-2-1(a)(1), in *Indiana v. Storey*, No. 17D02-2008-F6-000203 (filed Aug. 7, 2020). Storey pled guilty to the offense.

According to the probable cause affidavit, Officer Bardon (spelled Barton in the probable cause affidavit) pulled into Jim's Auto Repair with his emergency lights on after observing Storey commit several traffic infractions. He exited the vehicle and yelled "stop police." Storey and the individual with him ignored him, exited the vehicle, and entered the business. The officer saw Storey put his hand in his pocket and, based on prior knowledge of Storey, drew his gun. Storey was told to keep his hands up several times. At first he complied. Officer Bardon told Storey to come toward him, but Storey refused. Storey put his hand in his pocket, turned toward the officer, and started to remove what looked like the handle of a revolver. Storey put his hand back in his pocket. Officer Bardon told Storey to show his hands and drop the gun. Storey then pulled the gun from his pocket and Bardon fired one shot. After the shooting, the item in Storey's pocket was examined closer. It was found to be a lighter that looked like a gun.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Here, Storey's claim rests on a presumption that his conviction of intimidation is invalid. Storey cannot pursue a claim for damages here unless and until his conviction is overturned. *Id.* at 486-87. Thus, the court will

dismiss this claim without prejudice to Storey's right to refile it if he is successful in having his conviction overturned in a separate proceeding.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on July 14, 2022.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT